JOHN C. SCHRIEVER, Respondent, v. ANTONIO CERASO and Others, Appellants.— Order reversed, without costs, and motion to open default granted, upon condition that defendants within ten days pay to the attorney for plaintiff the sum of fifty dollars; in default of such payment the order is affirmed, with ten dollars costs and disbursements. No opinion. Rich, Putnam, Blackmar, Kelly and Jaycox, JJ., concur.

DAVID SILBER, Respondent, v. WATERPROOF GARMENT WORKERS UNION, LOCAL 20, and Others, Defendants, Impleaded with SAM FRIEDMAN and Others, Appellants.— The final order adjudging the appellants in contempt for violating the injunction order, dated October 21, 1919, is affirmed as to the appellants Benjamin Altman, David Tannenbaum, Louis Berman, Angelica Salebella, Tina Cicetti and Susan Santorella; and reversed as to Sam Friedman and Louis Wechsler, on the ground that the evidence connecting them with the acts violating the injunction is hearsay. The matter as to appellants Sam Friedman and Louis Wechsler is remitted to the Special Term for such action in the way of further hearing or otherwise as the parties may be advised. Rich, Putnam, Blackmar, Kelly and Jaycox, JJ., concur.

ERNEST M. TURNER, Respondent, v. GEORGE CONSTANTINE, Appellant.— New York county is where the contract was made and the services performed. Plaintiff himself is the only witness who will be favored by a Rockland county trial. As, however, his office is in New York city, a trial there will not inconvenience him, or his witness, Eden, who resides in Montclair, N. J. Apparently defendant has three witnesses from New York. The rule retaining the venue in rural counties is modified by considering the place where the transactions involved took place. (Pierce v. Moore, 181 App. Div. 885; Veeldorano v. Union Railway Co., 183 id. 575; Broderick v. De Mesa, 178 id. 669.) Under the special rules in the First Judicial District (Rule VI, subd. 3),* an action on contract may be preferred. The convenience of witnesses and the ends of justice will, therefore, be promoted by changing the place of trial to the county of New York. The order of the Special Term is, therefore, reversed, with ten dollars costs and disbursements, and defendant's motion granted, with ten dollars costs. Rich, Putnam, Blackmar, Kelly and Jaycox, JJ., concur.

CALVIN W. WEDDLE, Respondent, v. ESTATES CLUB REALTY CORPORATION, Appellant.— Judgment and order reversed and new trial granted, costs to appellant to abide the event, on the ground that the verdict is against the weight of the evidence, and also on the ground that the jury adopted a wrong measure of damages. Jenks, P. J., Rich, Putnam, Kelly and Jaycox, JJ., concur.

ARTHUR J. WINK, Respondent, v. EMEILY WINK, Appellant.— Order affirmed, without costs, without prejudice to an application on affidavits to open the default. No opinion. Jenks, P. J., Rich, Blackmar, Kelly and Jaycox, JJ., concur.

* See Rules for Regulation of Trial Terms of Supreme Court, First Judicial District, New York County, rule VI, subd. 3.— [REP.